UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  13-CV-20931

DAVID ORDAZ,

    Plaintiff(s),

vs.

STAR ALUMINUM, CORP and
ARMANDO E. ENRIQUEZ,

    Defendants.
_____/

## COMPLAINT

Plaintiff, David Ordaz, brings this action on behalf of himself and all others similarly situated to require Defendants, Star Aluminum, Corp and Armando E. Enriquez, to pay back wages owed to Plaintiff, which Defendants failed to pay in violation of §7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*. ("the FLSA"). Plaintiff also seeks a declaration of rights, permanent injunctive relief, and damages for himself and all others similarly situated after trial by jury of all issues so triable as follows:

*Parties, Jurisdiction, and Venue*

    1.    **Plaintiff, David Ordaz**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203 (e), who earned but did not receive overtime wages calculated at time and one-half times his regular rate of pay for time spent working over 40 hours per week from Defendants at all times material. Plaintiff consents to participate in this lawsuit. [DE 1-1.]

1

2. **Defendant, Star Aluminum, Corp ("Star")**, is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

3. **Defendant, Armando E. Enriquez ("Enriquez"),** was and is the President and operator of Star for the relevant time period. He ran its day-to-day operations and was partially or totally responsible for paying Plaintiffs' wages.

4. Defendants, Star and Enriquez, were direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d). Both Defendants employed Plaintiff.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendant Star maintains its principal place of business in this District, and because most if not all of the operational decisions were made in this District.

6. This Court has original jurisdiction over Plaintiff's federal question claims.

*Background Facts*

7. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

8. Defendants have been, at all times material, an enterprise engaged in interstate commerce that used machinery, appliances, goods, supplies and materials that also moved through interstate commerce.

2

9. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

10. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

11. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

12. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of his operating machinery and working with and on equipment that traveled through interstate commerce, working on materials that traveled in interstate commerce before and/or after his work on same, while using equipment, telephone lines, and telephonic transmissions that also traveled through interstate commerce.

13. Defendants paid Plaintiff on an hourly basis at the rate of $12.00/hour.

14. Defendants never paid Plaintiff at the rate of time and one-half his regular rate of pay for all hours worked over 40 in a workweek.

15. From approximately 2009 through September 25, 2012, Plaintiff worked approximately 50-70 hours per week, six days a week, for Defendants.

16. In addition, Defendants automatically deducted 30 minutes each day that Plaintiff worked as a meal break even though Defendant knew and/or had reason to know that Plaintiff was relieved of all work duties for the time automatically deducted.

3

17. Ultimately, Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rate for all hours worked over 40 hours in a given workweek.

18. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

19. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I –OVERTIME VIOLATION

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

20. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period.

21. Defendants either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay him overtime, and/or Defendants concocted a scheme pursuant to which it deprived Plaintiff the overtime pay he earned.

22. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Anthony Way, demands the entry of a judgment in his favor and against Defendants, Star Aluminum, Corp and Armando E. Enriquez, jointly and severally after trial by jury and as follows:

4

    a.      That the named Plaintiff recover compensatory damages and an equal amount of liquidated damages for the past three years as provided under the law and in 29 U.S.C. § 216(b);

    b.      That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

    c.      That the Defendant be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

    d.      Such other and further relief as the Court deems just and proper.

## COUNT II – DECLARATION OF RIGHTS

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

23. Plaintiff and Defendants have a pending dispute under the Fair Labor Standards Act, which this Court has jurisdiction to decide pursuant to 29 U.S.C. §1331.The Court also had jurisdiction over Plaintiff's request for a declaration of rights pursuant to 28 U.S.C. §§2201, 2202.

24. Defendants did not rely on a good faith defense in not paying Plaintiff his overtime wages.

25. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

26. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff and all other current and former employees of Defendants now and in the future.

5

WHEREFORE Plaintiff, David Ordaz, demands the entry of a judgment in his favor and against Defendants, Star Aluminum, Corp and Armando E. Enriquez, as follows:

a. That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiff;

b. That the Court declare that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

c. That Defendants be enjoined from further violations of the Fair Labor Standards Act;

d. That the Court award Plaintiff his attorneys' fees and costs; and

e. That the Court award such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 14th day of March, 2013.

Respectfully Submitted,

FAIRLAW FIRM
9130 S. Dadeland Blvd., Suite 1500
Miami, FL 33156
Tel:    305.230.4884
Fax:    305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

6

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com   www.fairlawattorney.com