UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-CV-20931-ALTONAGA/SIMONTON

DAVID ORDAZ,

    Plaintiff,

vs.

STAR ALUMINUM, CORP., and ARMANDO E. ENRIQUEZ, individually,

    Defendants.
_____ /

## ANSWER AND AFFIRMATIVE DEFENSES

COME NOW, Defendants, STAR ALUMINUM, CORP. and ARMANDO E. ENRIQUEZ, by and through their undersigned counsel, and hereby file their Answer and Affirmative Defenses, and state:

1. Paragraph 1 sets forth legal conclusions to which no response is required. It is denied that Plaintiff is a covered employee. The FLSA does not allow injunctive relief for private enforcement.

2. It is admitted that venue lies in Miami-Dade County.

3. Denied.

4. Paragraph 4 is denied.

5. Admitted.

6. Denied that the Court has jurisdiction.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Defendant is without knowledge.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Defendant, ENRIQUEZ's liability is derivative to that of the corporation. The corporate Defendant is not liable to the Plaintiff, and thus, the individual Defendant is not liable to the Plaintiff.

3. Plaintiff's claim, if any, is *de minimis* and therefore not compensable.

4. Plaintiff was properly compensated for all hours worked.

5. Plaintiff is not entitled to liquidated damages, as during all or part of the applicable time, Defendants acted in good faith conformity and had reasonable grounds to believe their conduct was not in violation of the FLSA.

6. Any claim for overtime compensation by Plaintiff must be offset by any premium compensation, overpayment, bonuses, compensatory time off, or other job-related benefits paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA.

7. Plaintiff may not recover both liquidated damages and prejudgment interest under the FLSA.

8. Plaintiff is exempted from the provisions of the FLSA by virtue of the Administrative and/or Executive Exemption in that she was a managerial employee whose primary duty was the management of the enterprise, and or a subdivision thereof.

9. Plaintiff is exempt by virtue of the Motor Carrier Exemption, 29 U.S.C. § 213(b)(1), Plaintiff loaded and transported goods intended for interstate commerce.

10. Defendants' violation, if any, was not willful in nature, and the cause of action should only accrue for two years from the filing of the Complaint. Plaintiff's claims are barred, at least in part, by the applicable statute of limitations under the Statute of Limitations, 29 U.S.C. § 255.

11. Plaintiff's claim is barred by the doctrine of judicial estoppel.

12. Plaintiff is not entitled to compensation for "preliminary or postliminary activities" in accordance with the Portal-to-Portal Act.

13. The regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiff for periods of time during which they performed no work, including, breaks, vacation and/or sick leave, worker's compensation leave, or were otherwise absent from the workplace during that week, including during holidays, missing meetings and other functions attended voluntarily.

14. Defendants are entitled to recover reasonable attorney's fees and costs from Plaintiff as this action is frivolous. Defendants have retained the undersigned attorney and have agreed to pay him a reasonable fee for his services.

15. Defendants expressly reserve the right to add defenses and affirmative defenses as this case proceeds.

WHEREFORE, Defendants, STAR ALUMINUM, CORP. and ARMANDO E. ENRIQUEZ, respectfully request that the Court dismiss the Complaint in its entirety, enter a judgment in their favor and award them their reasonable attorney's fees and costs incurred in the defense of this action and grant all other relief this court deems necessary.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Notices of Electronic Filing generated by CM/ECF, to Brian H. Pollock, Esq. of Fairlaw Firm, 9130 S. Dadeland Boulevard, Suite 1500, Miami, Florida 33156, on this 10th day of April, 2013.

                THE LAW OFFICES OF
                EDDY O. MARBAN
                1600 Ponce De Leon Boulevard, Suite 902
                Coral Gables, Florida 33134
                Telephone (305) 448-9292
                Facsimile (305) 448-9477
                E-mail: marbanlaw@gmail.com

By: *s/Edilberto O. Marban*
     EDDY O. MARBAN, ESQ.
     Fl. Bar No. 435960